Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
DIA SHIPPING CO. LTD.
1350 Broadway, Suite 1507
New York, New York 10018

07 CV 6115

JUDGE LEISURE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIA SHIPPING CO. LTD.,

       Plaintiff,

  - against -

ASTON AGRO-INDUSTRIAL A.G.,

       Defendant.
------------------------------------------------------------X

JUN 2 8 2007
U.S.D.C. S.D.N.Y.
CASHIERS

**ECF CASE**

07 Civ.

**VERIFIED COMPLAINT**

  Plaintiff DIA SHIPPING CO. LTD., ("DIA"), by its attorneys, Law Offices of George N. Proios, PLLC, as and for its Verified Complaint against defendant, ASTON AGRO-INDUSTRIAL A.G., ("ASTON"), alleges upon information and belief as follows:

  1.  This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333.

  2.  At all material times, plaintiff DIA was and still is a corporation organized and existing under the laws of The Marshall Islands, and was the owner of the M/V DIA P, ("the Vessel").

  3.  Upon information and belief, at all material times, defendant ASTON was and still is a corporation organized and existing under and by virtue of the laws of Switzerland.

  4.  By a charterparty on the SYNACOMEX 90 form dated 26th July 2006,

(the "Charter Party"), plaintiff DIA chartered the Vessel to defendant ASTON for a full and complete cargo of grains from Kerch Anchorage to 1-2 safe berth(s) 1 safe port in Charterers' option Egypt (Mediterranean) with laydays and canceling 3rd August and 7th August 2006 respectively.

    5.    Clause 17 of the Charter Party provided:

"Any dispute arising out of the present contract shall be referred to Arbitration in London according to English law and in accordance with the CENTROCON Arbitration Clause which to apply with 6 months to read instead of 1 month. *See also* clause no. 38."

    6.    Clause 38 of the Charter Party provided:

"Should the dispute between Owners and Charterers not exceed the sum of US$ 50,000 excluding cost and interest, both parties should refer the matter in dispute to the sole arbitrator in accordance with the LMAA Claims Procedure (1994)."

    8.    Disputes arose among the parties with respect to the calculation of laytime.

    9.    As the parties were unable to agree as to the appointment of a Sole arbitrator, on 30th January 2007, the President of the London Maritime Arbitrators Association ("LMAA") appointed Mr. Colin Peerless of Bywater House, Littley Green, Chelmsford, Essex CM3 1BU England to be the Sole Arbitrator

    10.    On May 29th 2007, Mr. Peerless issued a Final Arbitration Award (the "Award"), directing that ASTON pay DIA the sum of US$ 27,802.90 together with compound interest on this sum at the rate of 8.00% per annum and pro rata, compounded on a three monthly basis as follows:

a) on the sum of US$ 14,479.69 from 29th August 2006 until 4th October 2006;

b) on the sum of US$ 13,808.88 from 25th September 2006 until the date of eventual payment by the Charterers;

c) on the sum of US$ 124,921.28 from 7th November 2006 until 20th November 2006;

d) on the sum of US$ 13,994.02 from 7th November 2006 until the date of eventual payment by the Charterers.

11.  The Award also directs that ASTON bear and pay its own and DIA's costs up to a maximum £ 2,000, pursuant to Paragraph 8 of the LMAA Small Claims Procedure, together with interest thereon, calculated at the rate of 7.50% per annum and pro rata compounded on a three monthly basis, calculated from the date of the Award until the date of payment by ASTON.

12.  The Award also directs that ASTON bear and pay the costs of the Award in the amount of £ 1,600 and that if DIA has, in the first instance, paid all or any part of the costs of the Award, that DIA be entitled to immediate reimbursement by ASTON of the sum so paid, together with interest thereon calculated at the rate of 7.50% per annum and pro rata compounded on a three monthly basis, calculated from the date of payment until the date of reimbursement.

13.  Pursuant to the Award, the amounts due plaintiff DIA, as best as can now be estimated are as follows:

|   |   |   |
|---|---|---|
| a. | the principal claim | US$ 27,802.90 |
| b. | interest | US$  3,296.69 |
| c. | DIA's costs   (£ 2,000) | US$  4,000.00 |

|   |   |   |   |
|---|---|---|---|
| d. | costs of Award  (£ 1,600) | US$ | 3,200.00 |
| e. | interest for costs | US$ | 408.90 |
|   | TOTAL | US$ | 38,708.49 |

14. The total amount due and owing to plaintiff DIA by defendant ASTON is $ 38,70.49, as near as can be calculated.

15. Although duly demanded by plaintiff, no part of this sum has been paid by defendant.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff DIA repeats and re-alleges the allegations contained in Paragraphs 1 through 15 of the Verified Complaint and incorporates them as if set forth at length herein.

17. Upon information and belief, defendant ASTON cannot be found within the District, but has tangible and intangible property within the District, including but not limited to accounts and credits at various banks and garnishees.

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff DIA repeats and re-alleges the allegations contained in Paragraphs 1 through 17 of the Verified Complaint and incorporates them as if set forth at length herein.

19. Pursuant to 9 USC § 1 *et seq.* and 9 USC § 201 *et seq.*, plaintiff DIA seeks

confirmation of the Award into a final, valid, and enforceable judgment of this Honorable Court.

WHEREFORE, plaintiff DIA prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant ASTON, citing the defendant to appear and answer under oath all and singular the matters alleged;

b. since defendant ASTON cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff DIA, in the amount of $ 38,708.49 to secure plaintiff DIA's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter to confirm the Award, pursuant to 9 USC § 1 *et seq.* and 9 USC § 201 *et seq.*, and enter a final, valid, and enforceable judgment; and

d. plaintiff DIA have such other, further, and different relief as this Court may deem just and proper.

- 6 -

Dated: New York, New York
       June 28, 2007

                    Law Offices of George N. Proios, PLLC
                    Attorneys for Plaintiff
                    DIA SHIPPING CO. LTD.

By: _____
     George N. Proios (GP-9331)
     1350 Broadway, Suite 1507
     New York, New York 10018
     (212) 279-8880

## VERIFICATION

I am an attorney with the Law Offices of George N. Proios, PLLC, counsel to plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff. Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on plaintiff's behalf.

I state that the following efforts were made by my office on behalf of plaintiff to locate defendant Aston Agro-Industrial A.G. in this District: (a) completed an electronic records search for Aston Agro-Industrial A.G. in the records of the Secretary of State of New York, finding no office or resident agent listed for Aston Agro-Industrial A.G.; and (b) telephoned directory assistance for the area codes within this District, finding find no telephone number listed for Aston Agro-Industrial A.G.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2007

George N. Proios (GP-9331)
Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
DIA SHIPPING CO. LTD.
1350 Broadway, Suite 1507
New York, New York 10018-7702
(212) 279-8880